IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUTH MOSSINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 20-1526-GBW |
| | ) |
| STATE OF DELAWARE DIVISION | ) |
| OF CHILD SUPPORT SERVICES, | ) |
| | ) |
| Defendant. | ) |

Ruth Mossinger, Georgetown, Delaware, Pro se Plaintiff.

Nicholas D. Picollelli, Jr., Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

December 19, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

On November 13, 2020, Plaintiff Ruth Mossinger who appears *pro se* and has paid the filing fee, commenced this employment discrimination and retaliation claim pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.* (D.I. 1) Before the Court is Defendant's motion to dismiss (D.I. 15) and Plaintiff's response to the Court's order to show cause[1] (D.I. 20).

## I. BACKGROUND

Plaintiff alleges that Defendant State of Delaware Division of Child Support Services discriminated against her on the basis of a disability and subjected her to retaliation when she sought an accommodation for her disability. The Complaint alleges a "violation of fitness for duty recommendation that [Plaintiff] not drive more than 25 miles (one way)" due to a neck and back condition that "causes temp[orary] paralysis when driving. (D.I. 1 at 2) A treating physician's form indicates that Plaintiff was able to return to work with restrictions as of August 12, 2019; that she can work eight hours/day for forty hours/week, that she can alternate with sitting/standing every two hours and can sit for longer but needs to be able to take breaks or change positions; that Plaintiff's symptoms are worse on longer car

---

[1] On August 18, 2022, the Court entered an order to show cause for Plaintiff's failure to prosecute the case. (*See* D.I. 19)

drives; that driving to work more than 75 miles makes Plaintiff start the day with symptoms; and, suggested Plaintiff limit driving to no more than 25 miles to improve functional ability. (D.I. 1-1 at 3-6)

Plaintiff filed a charge of discrimination with the EEOC on October 23, 2019, EEOC No. 530-2019-04879 asserting discrimination took place on August 19, 2019, and is continuing. (D.I. 1-1 at 1) The charge also asserts retaliation. (*Id.*) The charge states that Defendant ignored Plaintiff's request to not drive more than 25 miles because of her disability, that an accommodation exists via work at the Georgetown office, no reason was given for the denial of the accommodation and, after Plaintiff requested the accommodation, Defendant retaliated through criticism and sending Plaintiff emails "nitpicking" at her. (*Id.*) The EEOC issued Plaintiff a notice suit rights dated August 17, 2020. (D.I. 9 at 2) Plaintiff filed this action on November 13, 2020.

Defendant moves to dismiss the Complaint on the grounds that the Complaint fails to state claims of discrimination and retaliation under the ADA. (D.I. 15, 16) Plaintiff's response to the Court's order to show cause contains her opposition to the motion. (D.I. 20)

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the

light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Defendant moves to dismiss the ADA discrimination/failure to accommodate claim on the grounds that an inability or unwillingness to drive to and from work is not considered a disability under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* Plaintiff opposes.

To establish a prima facie case under the ADA, Plaintiff must establish that she (1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action because of that disability. *McNelis v. Pennsylvania Power & Light Co.*, 867 F.3d 411, 414 (3d Cir. 2017). To state a claim for disability discrimination under the ADA based on an alleged failure to accommodate a disability, Plaintiff must demonstrate that she: (1) is a disabled person within the meaning of the ADA; (2) is otherwise qualified to perform the essential functions

4

of the job, with or without reasonable accommodations by the employer; and (3) has suffered an otherwise adverse employment decision as a result of discrimination which includes refusing to make reasonable accommodations for her disability. *See Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009). The ADA defines "disability" as either: (i) "a physical or mental impairment that substantially limits one or more of the major life activities of such [an] individual"; (ii) "a record of such an impairment"; or (iii) "being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Defendant argues that Plaintiff's claim she is disabled because she cannot drive more than 25 miles due to her back and neck conditions fails because commuting is not considered a "major life activity." (D.I. 16 at 10) Plaintiff responds that she survived more than five years of driving while her back progressively worsened and "they" provided no relief. (D.I. 20 at 1)

In 2007, our Circuit stated that "driving is not a major life activity." *Robinson v. Lockheed Martin Corp.*, 212 F. App'x 121, 124 (3d Cir. 2007) (citing *Chenoweth v. Hillsborough Cty.*, 250 F.3d 1328, 1329-30 (11th Cir. 2001) and *Colwell v. Suffolk Cty. Police Dep't*, 158 F.3d 635, 643 (2d Cir. 1998). Following amendments to the ADA, effective January 1, 2009, this District Court thoroughly analyzed the issue of whether driving is a major life activity and concluded that it is not. See *Thomas v. Astrue*, 2012 WL 6011878, at *2-4, D. Del. Nov. 30, 2012).

This Court agrees with that analysis and, upon review of the Complaint and Defendant's position, finds the Complaint fails to state claims for disability discrimination/failure to accommodate under the ADA.

Defendant also moves for dismissal of the retaliation claim on the grounds Plaintiff does not plead facts that constitute an adverse action. Plaintiff responds that she has had her character assassinated, slandered, been held against her will, forced to falsify records, written up, and provoked. (D.I. 20 at 1) None of these claims are contained in the Complaint or charge of discrimination. Instead, Plaintiff states that Defendant was "extra critical of her" when it sent Plaintiff emails nitpicking at her. (D.I. 2 at 3)

To state a claim for retaliation under the ADA, an employee must show (1) she engaged in a protected activity; (2) the employer took adverse action; and (3) a causal connection. *Fogleman v. Mercy Hosp.*, 283 F.3d 561, 567-68 (3d Cir. 2002) (citing *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997)). As alleged, at most Plaintiff's retaliation allegations fall under the category of "trivial harms" and do not rise to the level of an adverse action. *See Mondzelewski v. Pathmark Stores, Inc.*, 162 F.3d 778, 787 (3d Cir. 1998) ("[M]inor or trivial actions that merely make an employee 'unhappy' are not sufficient to qualify as retaliation under the ADA. . . ."); *see also Sconfienza v. Verizon Pa. In*c., 307 F. App'x 619, 622, 624 (3d Cir. 2008) (finding that "harsh

words that lack real consequences are not" enough to show an adverse action); *Nolan v. Swartz Campbell, LLC*, 2008 WL 598291, at *20 (W.D. Pa. Feb. 29, 2008) ("[M]erely experiencing some apprehension and subjectively feeling intimidated from . . . a conversation hardly amounts to the type [of] measures that the courts have found sufficient to support a claim of retaliation.").

As alleged, the Complaint fails to state a retaliation claim under the ADA. Therefore, the claim will be dismissed.

Because Plaintiff may be able to state claims if properly pled, and in light of her *pro se* status, she will be given leave to amend.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss. (D.I. 15) Plaintiff will be given leave to amend.

An appropriate order will be entered.