IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RUTH MOSSINGER,                      )
                                     )
            Plaintiff,               )
                                     )
     v.                              )        Civil Action No. 20-1526-GBW
                                     )
STATE OF DELAWARE DIVISION )
OF CHILD SUPPORT SERVICES,   )
                                     )
            Defendant.               )

---

Ruth Mossinger, Georgetown, Delaware, Pro se Plaintiff.

Nicholas D. Picollelli, Jr., Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

March 14, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

On November 13, 2020, Plaintiff Ruth Mossinger who appears *pro se* and has paid the filing fee, commenced this employment discrimination and retaliation claim pursuant to the Americans with Disabilities Act ("ADA") of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.* (D.I. 1) Before the Court is Defendant's motion to dismiss (D.I. 26) and Plaintiff's response (D.I. 30).

## I.     BACKGROUND

Plaintiff alleges that Defendant State of Delaware Division of Child Support Services discriminated against her on the basis of a disability and subjected her to retaliation when she sought an accommodation for her disability. In her original Complaint, she alleged that she suffered from disabilities in the form of (1) a herniated disc in her neck, bulging discs in her lower back, degenerative disc disease, and bone deterioration; and (2) depression, anxiety, and Post Traumatic Stress Disorder ("PTSD"). She further alleged her "physical disability" was exacerbated by extended lengths of time driving, which was required for her commute to Defendant's Kent County office. As an accommodation, she requested a transfer to Defendant's Sussex County office to reduce her commute time. She was required to apply for a position in that office and, when she did, she was not selected.

1

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 23, 2019, asserting discrimination and retaliation.   (D.I. 1-1 at 1).   The charge states that Defendant ignored Plaintiff's request to not drive more than 25 miles because of her disability, that an accommodation exists via work at the Sussex County office, no reason was given for the denial of the accommodation and, after Plaintiff requested the accommodation, Defendant retaliated through criticism and sending Plaintiff emails "nitpicking" at her.   (*Id.*)   The EEOC issued Plaintiff a notice suit rights dated August 17, 2020.   (D.I. 9 at 2).   Plaintiff filed this action on November 13, 2020.

In December 2022, the Court granted Defendant's motion to dismiss the Complaint on the grounds that she had failed to state a claim for discrimination or retaliation under the ADA.   (D.I. 21, 22).   Plaintiff was given leave to file an amended complaint.

In the Amended Complaint, Plaintiff provides some new allegations in support of her discrimination claim, namely that she was the most qualified applicant for the position she sought in the Sussex County office and that she was not selected for the position because the supervisor of the position was an employee with whom she had a prior conflict that had resulted in her moving to the Kent County office in the first place in 2009.   Plaintiff also asserts general

2

allegations about the history of her employment with Defendant, adds a new retaliation claim that occurred after her EEOC charge, and states that she is now retired.   (D.I. 23).

Defendant moves to dismiss the Amended Complaint on the grounds that the entire Amended Complaint is barred by the Eleventh Amendment, her new retaliation claim is unexhausted, and she fails to state claim for discrimination or retaliation. . (D.I. 26, 27).   Plaintiff has filed a one-page response urging denial of Defendant's motion to dismiss and asserts some new allegations occurring after she retired.   (D.I. 30).

## II.   LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.  DISCUSSION

Defendant urges dismissal of the entire case on Eleventh Amendment immunity grounds. As to Plaintiff's discrimination claim, brought under Title I of

4

the ADA, the Court agrees that Defendant is entitled to sovereign immunity under the Eleventh Amendment. *See Durham v. Kelley*, 82 F.4th 217, 228 (3d Cir. 2023) (noting that "the Supreme Court [has] definitively held that the Eleventh Amendment bars private suits seeking money damages for state violations of Title I of the ADA") (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 360 (2001)).

As to Plaintiff's retaliation claims brought under Title V of the ADA, however, it appears that neither the Third Circuit nor the Supreme Court has weighed in on whether Eleventh Amendment sovereign immunity is applicable. In any event, the Court need not resolve this issue because both of Plaintiff's retaliation claims are subject to dismissal. Plaintiff's original retaliation claim fails to state a claim for the same reasons explained in the Court's Memorandum Opinion dismissing the original Complaint. Plaintiff's new retaliation claim is unexhausted because it was not brought in her EEOC complaint or, apparently, any other administrative complaint.[1]

---

[1] Before seeking judicial relief under the ADA, a plaintiff must exhaust her administrative remedies. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (stating basic tenant of administrative law that all administrative remedies must be exhausted, in order to promote efficiency, respect administrative autonomy, provide courts with benefit of an agency's expertise, and serve judicial economy). To properly exhaust administrative remedies under the ADA, a plaintiff must follow the administrative procedures set forth in Title VII, 42 U.S.C. § 2000e-5. *See Churchill v. Star Enter.*, 183 F.3d 184, 190 (3d Cir. 1999) agency tasked with investigating claims of employment discrimination, such as the DDOL. *See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue the plaintiff's claims and issues a right-to-sue letter, the plaintiff may

Accordingly, the Amended Complaint must be dismissed.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to

dismiss.   (D.I. 26).

An appropriate order will be entered.

---

file suit in court.   *See* 42 U.S.C. § 2000e-5(f)(1).